USCA1 Opinion

 

 August 8, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-1099 UNITED STATES OF AMERICA, Appellee, v. BLAS CAMILO, Defendant, Appellant. ------------------------- APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, Jr., U.S. District Judge] ___________________ _________________________ Before Torruella, Selya, and Cyr, Circuit Judges. ______________ _________________________ Daniel S. Tarlow, with whom Richard D. Glovsky and Glovsky _________________ __________________ _______ & Associates were on brief, for appellant. ____________ Jean B. Weld, Assistant United States Attorney, with whom _____________ Paul M. Gagnon, United States Attorney, was on brief, for the ______________ United States. _________________________ _________________________ Per Curiam. We have carefully reviewed the record on Per Curiam. __________ appeal and discern no breach by the government of the plea agreement between it and the defendant. We likewise find no hint that the district court violated the representations it made to the defendant at the change-of-plea hearing. Consequently, there is no cognizable basis for defendant's request that he be permitted to withdraw his guilty plea. Defendant's remaining assignments of error pertain to the imposition of sentence. The situation in this respect is clouded by two recent developments. For one thing, the Probation Office's policy in connection with a matter material to the computation of drug quantity for purposes of imposing mandatory minimum sentences has changed significantly. For another thing, the Second Circuit decided United States v. Darmand, 3 F.3d 1578, ________________________ 1581 (2d Cir. 1993) (holding that "[u]nlike the [Sentencing] Guidelines, which require a sentencing court to consider similar conduct in setting a sentence, the statutory mandatory minimum sentences of 21 U.S.C. 841(b)(1) apply only to the conduct which actually result[s] in a conviction under that statute"). If this case correctly states the law a matter on which we take no view it may have substantial implications for the duration of defendant's sentence. Under these unusual circumstances, the parties agreed at oral argument that these developments merit further consideration; and that, in the interests of justice, the sentence previously imposed should be expunged, and a new sentencing hearing convened. We agree. We, therefore, vacate 2 the defendant's sentence and remand for resentencing.1 The defendant's conviction is affirmed. The _______________________________________________ ___ defendant's sentence is vacated. The case is remanded for __________________________________ ___________________________ resentencing. _____________ ____________________ 1We envision that a full new sentencing hearing will be held at which the court can consider not only the applicability of any mandatory minimum sentence, but also, inter alia, the reliability _____ ____ of the evidence proffered by the parties and the proper computation of defendant's criminal history score. 3